UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE SMITH,

        Petitioner,

                                  CASE NO. 04-CV-73768-DT
v.                                HONORABLE PATRICK J. DUGGAN

DOUG VASBINDER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S. District
Courthouse, City of Detroit, County of Wayne,
State of Michigan on May 4, 2005.
PRESENT: HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Bruce Smith ("Petitioner"), a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Respondent Doug Vasbinder ("Respondent") has filed a motion for summary judgment seeking dismissal of the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions. For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for writ of habeas corpus.

1

## I. Facts and Procedural History

Petitioner was convicted of manslaughter and possession of a firearm during the commission of a felony following a jury trial in the Recorder's Court for the City of Detroit. On March 22, 1993, Petitioner was sentenced to seven to fifteen years imprisonment on the manslaughter conviction and a consecutive term of two years imprisonment on the firearm conviction. Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions. *People v. Smith*, No. 164981 (Mich. Ct. App. July 21, 1995). The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal. *People v. Smith*, No. 104445 (Mich. July 30, 1996).

On March 22, 2000, Petitioner filed a motion for relief from judgment in state court. The court denied the motion on September 22, 2002. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Smith*, No. 244430 (Mich. Ct. App. March 13, 2003). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which also was denied. *People v. Smith*, No. 123815 (Mich. Sept. 29, 2003).

Petitioner signed the instant petition for writ of habeas corpus on September 22, 2004, and the petition was filed in this Court on September 27, 2004. On March 28, 2005, Respondent filed the instant motion for summary judgment. Petitioner filed a reply to the motion on April 19, 2005.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs Petitioner's pending petition as it was filed after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. Specifically, the revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner completed his direct appeals on July 30, 1996. He then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner's convictions therefore became final on October 28, 1996. Accordingly, Petitioner was required to file his federal habeas petition on or before October 28, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment with the state trial court until March 28, 2000. Thus, the AEDPA's one-year limitations period expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Contrary to Petitioner's assertion in his reply to Respondent's motion, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See, e.g., Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). His petition is thus untimely and subject to dismissal.

Petitioner's petition nevertheless may be timely if he was prevented from timely filing the petition by an impediment created by State action, if it is based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or if it is based on newly discovered evidence. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner, however, does not assert that the State created an impediment to filing his

4

habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief.  Petitioner's habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling.  In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

In this case, Petitioner sets forth no circumstances which caused him to file his state court collateral proceedings or his federal habeas proceedings after the expiration of the one-year limitations period.  The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)(holding that ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001)(holding that lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D.

5

Cal. 1998)(citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Souter v. Jones*, 395 F.3d 577, 599-602 (6th Cir. 2005).  As the *Souter* court explained, to support a claim of actual innocence a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865; *Souter*, 395 F.3d at 593.  Furthermore, as the Supreme Court has held, "'actual innocence means factual innocence, not mere legal insufficiency.'"  *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998)).  Petitioner fails to present reliable evidence suggesting that he is actually innocent.  He thus fails to demonstrate that he is entitled to equitable tolling of the one-year period.

## III.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED**.


                                                            s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:
Bruce Smith
#109729
3500 N. Elm Road
Jackson, MI 49201

Raina I. Korbakis, Esq.